EWING, COUNTY TREASURER, APPELLEE, *v.* THE CO-OP-
ERATIVE REALTY & PLATTING CO., APPELLANT.

(Decided November 13, 1939.)

*Mr. Floyd A. Coller,* prosecuting attorney, for ap-
pellee.

*Mr. Alonzo G. Duer,* for appellant.

CARPENTER, J. This was a suit by the county treas-
urer to foreclose tax liens on 298 lots in a platted allot-
ment in Ross township. Before a decree was entered,
the defendant owner by motion asked the court, under
the provisions of the Best Act, Section 11588, General
Code, to postpone the sale and restrain further pro-
ceedings as to part of the lots until April 1, 1941. This
motion was overruled "on the ground that the Best
Act does not apply to tax foreclosures." From this
order the defendant owner appealed on questions of
law.

It is urged in behalf of the treasurer that the pro-
visions of the Whittemore Act, Section 2672-1 *et seq.,*
General Code, as enacted in 118 Ohio Laws, . . . ., pro-

viding for the payment of delinquent taxes in installments, negative the claim that the provisions of the Best Act are available to postpone sale on foreclosure of tax liens.

Section 11588, General Code, in part, provides:

"When a mortgage is foreclosed or a specific lien enforced, a sale of the property shall be ordered. However, any court before which a proceeding for the foreclosure of a mortgage or the enforcement of a specific lien or execution against real property is had, on or before the first day of April, 1941, may after a full hearing and upon such terms and conditions including amortization as may be fixed by the court, order that the sale be postponed and that proceedings to enforce the debt * * * be restrained until such a time, not later than the first day of April, 1941, as the court may, in the exercise of its discretion believe to be just and equitable * * *."

It is hard to conceive a more "specific lien" on real estate than that of the state for taxes. Section 5713, General Code, so provides; Section 5671, General Code, provides when it attaches; and Section 5718-3, General Code, directs the prosecuting attorney to foreclose the lien by proceeding "in the same manner as is now or hereafter may be provided by law for the foreclosure of mortgages on land * * *." Section 11588 is the authority the plaintiff will invoke in this proceeding to enforce the sale of the real estate subject to the delinquent tax.

Looking to the legislative history of this section and the Whittemore Act, it will be observed that the first sentence of the above-quoted part of Section 11588 has long been a part of the law of procedure of Ohio. The so-called Best Act feature is the second sentence. It first came into the section by amendment passed May 15, 1933 (115 Ohio Laws, 227), and has been amended several times, extending the date to which postponement of sale might be had.

On March 30, 1933, at the same session of the Legislature, the first Whittemore Act was passed (115 Ohio Laws, 161) in substantially the same form as the one enacted by the 1939 Legislature. It, too, has been reenacted at various times, extending the privilege of installment payment of delinquent taxes. The last session of the Legislature on successive days passed both laws.

An examination of these laws and their history indicates that they were intended to cover separate subjects, and that they are not inconsistent with each other, nor does one repeal any part of the other. Especially is this true since the first Whittemore Act was passed before the first Best Act.

The Best Act has invested the court with a wide discretion as to when and how postponements of foreclosure sales may be had, but in the order appealed from, the trial court did not invoke its discretion to deny the request, but expressly held "the Best Act does not apply to tax foreclosures." In this it erred, and its judgment is reversed and the cause is remanded to that court for further proceedings.

*Judgment reversed and cause remanded.*

OVERMYER and LLOYD, JJ., concur.